# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL HUNTER, | |
| Plaintiff, | No. C20-4053-LTS |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| UNKNOWN WOODBURY COUNTY DEPUTY SHERIFFS, | |
| Defendants. | |

This matter is before me pursuant to plaintiff Michael Hunter's pro se motion to proceed in forma pauperis (Doc. 1), pro se complaint (Doc. 1-1) and pro se motion for a temporary restraining order (Doc. 2). As will be discussed more below, the exact nature of Hunter's claim is unclear.

## I.   MOTION TO PROCEED INFORMA PAUPERIS

The filing fee for a civil suit is $402.[1] *See* 28 U.S.C. § 1914(a) (requiring filing fee). For a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1).[2] Hunter, who is not incarcerated,

---

[1] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52. . .")

[2] Despite an oft acknowledged typographical error, § 1915(a) applies to both prisoners and non-prisoners. *See Hayes v. United States*, 71 Fed. Cl. 366, 367 (2006), citing *e.g., Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

states he has no assets, is not employed and receives social security disability. As such, his motion to proceed in forma pauperis (Doc. 1) is **granted**.

## II. INITIAL REVIEW STANDARD

Courts must liberally construe pro se complaints. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). When a court allows a prisoner to proceed in forma pauperis, there is clear statutory authorization to conduct an "initial review" to see whether the claim is viable. 28 U.S.C. § 1915A. Neither § 1915 nor § 1915A explicitly authorizes the court to conduct an initial review in non-prisoner cases. *Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020, 1023 (D. Minn. 2016) (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)). However, § 1915 states that a court may dismiss, at any time, an in forma pauperis case that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment.. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Benter v. Iowa, Dep't of Transp.*, 221 Fed. App'x 471 (8th Cir. 2007) (unpublished). Many courts, including this court, rely on § 1915(e)(2) to dismiss, preservice, in forma pauperis complaints that clearly fail to state a claim.

Thus, in forma pauperis complaints must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim under Section 1915(e)(2), courts generally rely on the standards articulated under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2)). An action fails to state a claim upon which relief can be granted if it does

2

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Section 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *see id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. ANALYSIS

#### A. Standards

##### 1. 42 U.S.C. § 1983

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those

created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. *Hunter's Claim(s)*

There are numerous issues with Hunter's complaint. In the initial portion of his complaint (Doc. 1-1 at 3-4), Hunter appears to allege that the defendants cited him for driving with a suspended license because he insulted them. To the extent that this is Hunter's claim, it is barred by *Heck v. Humphrey*, in which the Supreme Court held:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 487 (1994). Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would call into question the lawfulness of his detention. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Hunter does not allege any specifics about what he was charged with, much less that charges were dropped or overturned. Thus, his claim is barred by *Heck*.

In the second portion of his complaint, Hunter seems to allege that he has received traffic tickets in a variety of states, has had issues getting (or keeping) a driver's license and was unable to transfer a car title. Besides failing to include a short and plain statement of those claims as is required by Federal Rule of Civil Procedure 8(a)(2), Hunter also fails to allege any claim against any specific defendants. Moreover, although Hunter repeatedly uses the terms "constitutional" and "unconstitutional," he does not allege any particular constitutional violations related to those issues. For these reasons, Hunter has failed to state a claim and his complaint must be denied.

4

## IV. NOTICE OF POSSIBLE SANCTIONS

Hunter's claims in this case are similar to the claims he raised in two prior cases in this district. *See Hunter v. All Unknown Named Citizens et al.*, C19-4015-LTS, Docs. 1, 2 (2019), and *Hunter v. Barr et al.*, C20-4042-LTS Docs. 1, 2 (2020). Both of those cases were dismissed at the initial review stage. *See* C19-4015-LTS, Docs. 3, 8, 10, and C20-4042-LTS Doc. 3. Based on the nature of the claims, and the format of the filings, it appears that the Michael Hunter who filed this case is the same Michael Hunter who has inundated the federal counts in North and South Dakota with similar frivolous lawsuits. *See Hill v. Police Officer*, No. CV 16-5108-JLV, 2017 WL 530457, at *1 (D.S.D. Feb. 9, 2017) (listing twenty cases filed by Michael Howard Hunter as of that date and sanctioning him for filing a case under a false name).

In at least two cases in South Dakota, the Michael Hunter who filed those cases listed the same Sioux City, Iowa, post office box as his return address as did the Michael Hunter in this case. *See Hunter v. Saul et. al.*, C20-5076-KES (D.S.D. 2020), and *Hunter v. Connie Doe*, C18-5011-JLV (D.S.D. 2018). The District of South Dakota has threatened Hunter with sanctions for filing frivolous cases. *See Hunter v. Rapid City Police Dep't*, No. CIV. 19-5040-JLV, 2019 WL 5964603, at *2 (D.S.D. Nov. 13, 2019), noting that, as of that date, Hunter had filed 28 cases in North Dakota and South Dakota and stating:

> The court cautions Mr. Hunter that if his pattern of filing vexatious suits continues, the court will order him to show cause why he should not be barred from filing federal lawsuits absent court permission. The court may enjoin a vexatious litigant from filing in federal court after providing notice and an opportunity to be heard to the litigant. *In re Pointer*, 345 F. App'x. 204, 204-05 (8th Cir. 2009).

Based on the forgoing, Hunter is put on notice that if he files further frivolous cases in this district, or cases that are dismissed at the initial review stage for failure to state a claim, he will be directed to show cause why he should not be sanctioned for

abusing the judicial system. Sanctions could include monetary penalties and restrictions on his ability to file new cases in this district.[3]

## V. CONCLUSION

For the reasons set forth herein:

1. Hunter's motion to proceed in forma pauperis (Doc. 1) is **granted**.
2. The Clerk's office is directed to file the complaint (Doc. 1-1) without the payment of fees.
3. After an initial review, I find that Hunter has failed to state a claim upon which relief can be granted. Accordingly, the complaint (Doc. 1-1) is **denied** and this case is **dismissed**. Because this dismissal is in part based in *Heck*, it is without prejudice.
4. Hunter's motion for a temporary restraining order (Doc. 2) is **denied** as moot.

---

[3] I have both inherent and statutory authority to impose such sanctions:

> A district court possess inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *accord Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002); *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir.1998); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993); *Gillette Foods Inc. v. Bayernwald–Fruchteverwertung, GmbH*, 977 F.2d 809, 813–14 (3d Cir. 1992). I also note that Federal Rule of Civil Procedure 11 authorizes a district court to impose sanctions on attorneys and parties who bring repeated frivolous lawsuits. *See Yan Zhang v. Equity Props. Trust*, 313 Fed. App'x 926, 927 (8th Cir.2009); *Stilley v. James*, 48 Fed. App'x 595, 597 (8th Cir.2002).

*Urban v. Sells*, No. C14-4025-MWB, 2014 WL 3809977, at *13 (N.D. Iowa Aug. 1, 2014).

**IT IS SO ORDERED.**

**DATED** this 27th day of September, 2021.

 _____
 Leonard T. Strand, Chief Judge